IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael A. Smith, Individually and as Class Representative of Similarly Situated Persons, | ) ) ) ) | C/A No.: 4:06-cv-01577-RBH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| G. Joannou Cycle Co., Inc., | ) ) | |
| Defendant. | ) ) | |

  This is an action filed by the plaintiff, Michael A. Smith, against defendant, G. Joannou Cycle Company, arising out of the purchase of a bicycle. Plaintiff alleges that on June 24, 2005, he purchased a new Jamis Citizen bicycle from an authorized retailer of the defendant for $279.00. The Complaint alleges that he was given a "Product Registration Card" at the time of purchase which required the purchaser to complete and return the card within thirty days of the purchase in order to validate the warranty. Plaintiff alleges that he began to experience mechanical problems with the bicycle and that he requested warranty service. However, the Complaint further alleges that his requests were refused, since he failed to return the completed product registration card within thirty days of the purchase. He filed this lawsuit on May 22, 2006, alleging various causes of action and alleging as a jurisdictional basis 28 U.S.C. § 1332, diversity of citizenship.

  In reviewing the within case before scheduling a hearing on the plaintiff's motion for default judgment, the court became concerned that it lacked subject matter jurisdiction. Questions of subject matter jurisdiction may be raised by the Court *sua sponte*. If the Court concludes that it lacks subject

1

matter jurisdiction, then the case should be dismissed without prejudice. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (Federal courts must "exercise only the authority conferred by Article III of the Constitution and affirmatively granted by statute. A primary incident of that precept is our duty to inquire, *sua sponte*, whether a basis for jurisdiction exists, and to dismiss the action if no such ground appears.")

As noted above, based on the allegations of the Complaint and the Civil Cover Sheet, plaintiff alleges federal jurisdiction based on diversity of citizenship. The Court does not question the fact that the case appears to involve citizens of two different states, South Carolina and New Jersey. However, the other requirement of diversity is that the amount in controversy must exceed $75,000. The Court finds it difficult to believe that the plaintiff's case could be worth anywhere close to $75,000, where the original cost of the bicycle was $279 and there are constitutional limits on the amount of any punitive damages.

Plaintiff has also alleged that he is attempting to represent a class. However, no motion to certify has been filed and the Court has thus not determined that class certification is appropriate. The Fourth Circuit has held that "although a default judgment has the effect of deeming all factual allegations in the complaint admitted, it does not also have the effect of 'admitting' the independent legal question of class certification." Partington v. American International Specialty Lines Insurance Co., 443 F.3d 334, 341 (4th Cir. 2006). In addition, although the Class Action Fairness Act[1] allows a federal court to aggregate the claims of all class members in order to reach the jurisdictional amount

---

[1] The Class Action Fairness Act (CAFA) amends the diversity of citizenship statute. *See* 28 U.S.C. § 1332(d). It provides for original federal diversity jurisdiction where there are at least one hundred class members; the amount in controversy exceeds $5,000,000; and diversity of citizenship exists between a single plaintiff and a single defendant. The statute allows aggregation of all of the claims of individual class members in order to reach the jurisdictional amount of $5,000,000.

2

of $5,000,000, the Court cannot conceive of a possibility based on the allegations of the complaint, even if a class were certified, that the amount in controversy even approaches $5,000,000 in the case at bar.

The Court accordingly concludes that it lacks subject matter jurisdiction over the case. The case is hereby dismissed without prejudice.

**AND IT IS SO ORDERED**.

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
November 1, 2007